**UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Petitioner—Appellee,**

v.

**AMERICAN APPAREL, INC., Respondent—Appellant.**

No. 08–55262.

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2009.*

Filed April 22, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See Fed.*

**12**

Donna J. Brusoski, Equal Employment Opportunity Commision, Washington, DC, Anna Y. Park, Esquire, U.S. Equal Employment Opportunity Commission, Los Angeles, CA, for Petitioner–Appellee.

R.App. P. 34(a)(2).

** The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Taylor Stephen Ball, Adam Levin, Mitchell Silberberg & Knupp, LLP, Joyce E. Crucillo, Esquire, C/O American Apparel, Inc., Los Angeles, CA, for Respondent–Appellant.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and QUIST,** District Judge.

### MEMORANDUM ***

Respondent, American Apparel, Inc. ("American"), appeals the district court's order directing it to comply with an administrative subpoena from Petitioner, the Equal Employment Opportunity Commission ("EEOC"), in connection with a sexual harassment Charge of Discrimination filed by a former American employee.

We review the district court's decision regarding enforcement of an administrative subpoena de novo. *F.D.I.C. v. Garner*, 126 F.3d 1138, 1142 (9th Cir.1997). For the following reasons, we reverse.

First, although the EEOC is granted broad investigatory powers under Title VII, *see* 42 U.S.C. § 2000e–8(a); *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 68, 104 S.Ct. 1621, 80 L.Ed.2d 41 (1984) (recognizing that the relevance limitation on the EEOC's authority to investigate "is not especially constraining"), those powers are subject to recognized privileges and protections. *See Dole v. Milonas*, 889 F.2d 885, 888–890 (9th Cir.1989) (recognizing attorney-client privilege as a limitation on administrative subpoena issued by the Sec-

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

retary of Labor).  American made a preliminary showing that the notes and memoranda prepared by its outside counsel may be protected work product and/or subject to the attorney-client privilege.

Second, although a party may waive both the attorney-client privilege or work product protection by injecting an issue into the case, see *Bittaker v. Woodford*, 331 F.3d 715, 718–20 (9th Cir.2003), the record does not show that American had done so in this case.  Although American asks us to decide whether the EEOC is entitled to the disputed documents, the parties raise issues that the district court should consider in the first instance, including how to evaluate American's assertion of privilege and work product protection, and whether and to what extent, they are waived.  *See Dole*, 889 F.2d at 890.[1]

**REVERSED AND REMANDED.**

---

1.  In light of this disposition, we decline to take judicial notice of the documents submitted by American.

